IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00031-MR
CRIMINAL CASE NO. 1:99-cr-00005-MR-2

| | |
|---|---|
| HASSON LEWIS FLOYD, ) </br> ) </br> Petitioner, ) </br> ) </br> vs. ) </br> ) </br> UNITED STATES OF AMERICA, ) </br> ) </br> Respondent. ) </br> _____ ) | **MEMORANDUM OF** </br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] and on the Government's Motion to Dismiss [Doc. 5].

**I.    BACKGROUND**

The Petitioner was charged in the underlying criminal case with: bank robbery by force or violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(a) and 2 (Count One); larceny from a bank, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(b) and 2 (Count Two); assault with a deadly weapon during bank robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2113(d) and 2 (Count Three);

discharge of a firearm during bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Four); and assault on an officer inflicting injury in violation of 18 U.S.C. § 111 (Count Five). [Case No. 1:99-cr-5 ("CR") Doc. 31]. A jury found the Petitioner guilty as charged on all the counts. [CR Doc. 48]. The Court sentenced him to life imprisonment for Counts One, Three, and Five; to 120 months' imprisonment for Count Two, to run concurrently; and to life imprisonment for Count Four, to run consecutively to Count Two.[1] [CR Doc. 69]. This federal sentence is consecutive to the Petitioner's four life imprisonment sentences imposed by the Buncombe County Superior Court for three robberies with a dangerous weapon (principal), violent habitual felon (principal), and attempted robbery with a dangerous weapon, Case Nos. 98CRS67186, 98CRS67238, 98CRS67240, 98CRS4911, and 98CRS4912, respectively. [Id.].

On direct appeal, the Petitioner argued that the facts predicating a sentencing enhancement pursuant to 18 U.S.C. § 3559(c) should have been submitted to a jury and proven beyond a reasonable doubt; that an assault against a county jailor acting within a federal contract does not qualify under 18 U.S.C. § 111; and that counsel provided ineffective assistance. The Fourth Circuit Court of Appeals affirmed the Petitioner's convictions and

---

[1] The Honorable Lacy H. Thornburg was presiding over the case at that time.

sentences on August 6, 2001.[2] United States v. Floyd, 16 F. App'x 189 (4th Cir. 2001).

The Petitioner filed the instant § 2255 Motion to Vacate on January 23, 2023.[3] [Doc. 1]. He claims that:[4] (1) the Indictment is multiplicitous on its face and the Court violated double jeopardy by punishing Petitioner separately for violating §§ 2113(a) and 2113(d); (2) the Court erred by mis-joining the bank robbery offenses and the assault on a county jail officer, which occurred one year apart; (3) the Court erred by allowing an impermissibly suggestive in-court identification at trial; (4) the § 924(c) conviction and life sentence are unlawful; and (5) appellate counsel was ineffective for failing to raise these claims on direct appeal. The Petitioner asks the Court to vacate all of his convictions and sentences and to apply the sentencing package doctrine. [Doc. 1 at 9]. With regard to the timeliness of the Motion to Vacate, the Petitioner states as follows:

> Because my constitutional rights have been violated. The 5th and the 14th Amendment of the U.S. Constitution. I have

---

[2] As to the third ground, the Fourth Circuit found that the record did not conclusively establish ineffective assistance of counsel, and that the ineffective assistance of counsel claim should be bought in a § 2255 proceeding.

[3] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings). The Petitioner previously filed a Motion to Vacate before sentencing; it was dismissed as premature on July 25, 2000, Case No. 1:00-cv-161-LHT.

[4] The claims are liberally construed, restated, and renumbered.

3

> wrote to Prison Legal Services and they won't help me. I have wrote to law groups and lawyers and no one would help me. There is not a law library in North Carolina's prisons. So, what must a prison do? I do not know the law. And suffer from mental illness. But yet I have tried in every way to seek help. In light of these facts I seek a way forward. Also the defendant is challenging the indictment it's self as being multiplicitous on it's face. And the defendant contends that the indictment was one which was founded one double jeopardy violation. Causing the inditement to be invalid. I have relied in all due fashion on continued existence of pre-AEDPA law.

[Doc. 1 at 12] (errors uncorrected). The Petitioner further argues in a supporting Affidavit that the sentencing Court ordered a mental evaluation of Petitioner at sentencing, which was never done; that the Petitioner was subsequently evaluated in state custody and was found to be "a paranoid schizophrenic and [he] also suffers from post traumatic stress disorder [and] only in the last two years has [he] been placed on meds"; that he has continually and diligently pursued his rights "to a great ext[e]nt" for years; that his circumstances are extraordinary; and that it would be a fundamental miscarriage of justice to enforce the limitations period due to his "lack of access to a lawyer or funds." [Doc. 3 at 1-2].

The Government has filed a Motion to Dismiss, arguing that the Motion to Vacate is time-barred. [Doc. 5]. The Court informed Petitioner of his right to respond to the Motion to Dismiss in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). [Doc. 7]. The Petitioner filed a

Response arguing that his Motion to Vacate should be considered timely pursuant to "28 USC § (f)(1)(4) [sic]" and equitable tolling. [Doc. 8 at 4]. The Government did not reply, and the time to do so has expired. The matter is now ripe for disposition.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings …" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

5

## III. DISCUSSION[5]

Motions to vacate filed pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's conviction became final for purposes of § 2255(f)(1) on November 4, 2001, when the 90-day period for filing a petition for writ of certiorari expired. Gonzalez v. Thaler, 565 U.S. 134, 149 (2012); Clay v. United States, 537 U.S. 522, 532 (2003). The Petitioner had one year, until November 4, 2002, to file a timely Motion to Vacate. He filed the instant Motion to Vacate more than 20 years late on February 8, 2023. The Motion to Vacate is time-barred under § 2255(f)(1), and the Petitioner's suggestion

---

[5] Any argument or claim not specifically addressed in this Order has been considered and rejected.

that he timely filed this action under this subsection is rejected. [See Doc. 8 at 4].

The Petitioner also appears to suggest that the Motion to Vacate is timely pursuant to § 2255(f)(4). [See Doc. 8 at 4]. The Petitioner's reliance on § 2255(f)(4) is unavailing because he has not identified any newly discovered evidence. He only notes his recent discovery of the legal significance of various laws; however, such does not constitute newly discovered evidence for purposes of § 2255(f)(4). See United States v. Caro, 683 F. App'x 232, 233 (4th Cir. 2017) (under § 2255(f)(4), the time begins when the prisoner knows or should have known the important facts, not when he appreciates their legal significance); see also Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (changes in the law are not new facts for purposes of § 2255(f)(4)). Accordingly, the Petitioner's argument that the Motion to Vacate is timely under § 2255(f)(4) is rejected.

Next, the Petitioner argues that equitable tolling applies. An otherwise time-barred petition is entitled to equitable tolling in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result." Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)

7

(en banc)). Equitable tolling is available only when a § 2255 petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); see Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements.").

The Petitioner presently argues that he lacks legal knowledge, there is no law library in North Carolina's prisons, and Prisoner Legal Services would not assist him; that the Petitioner has mental health conditions including paranoid schizophrenia, anxiety attacks, and post traumatic stress disorder for which he did not receive medication until two years ago; that he has diligently pursued his rights; that there were circumstances beyond his control that prevented his timely filing; and that it would be a gross injustice to enforce the limitations period against him. [Docs. 1, 3, 8]. He has filed documents in support of his equitable tolling argument that demonstrate he requested documents and/or legal assistance from various sources, including this Court, North Carolina Prisoner Legal Services, the ACLU, and the Governor's Office in 2000, 2001, 2004, 2006, 2007, 2010, 2011, 2015, 2020, and May and August 2021. [See Doc. 3-1].

The Petitioner's claims of legal ignorance, the lack of legal materials, and the lack of counsel do not warrant equitable tolling. See generally Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (there is no constitutional right to counsel in a § 2255 proceeding); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling; as a general matter, equitable tolling because of a petitioner's mental condition only applies in cases of profound mental incapacity during the running of the limitation period); Henriquez v. United States, No. 5:06-CR-232-FL, 2012 WL 1564158, at *2 (E.D.N.C. May 2, 2012) ("Prison conditions such as lockdowns, misplacement of legal papers, and lack of access to legal materials typically are not grounds for equitable tolling").

The Petitioner's mental health conditions are also insufficient to warrant equitable tolling. Accepting his mental health diagnoses as true, the Petitioner has failed to adequately assert that they were sufficiently serious to prevent him from timely filing the Motion to Vacate by November 2002. See Sosa, 364 F.3d at 513 ("As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity"). Moreover, even if the Court were to toll all of the time between the date that his Judgment became final and his receipt of

9

Case 1:99-cr-00005-MR   Document 96   Filed 07/14/23   Page 9 of 13

mental health "meds" two years ago, he still failed to comply with the applicable one-year statute of limitations. The Petitioner has not identified any basis for equitable tolling, and his sporadic requests for legal assistance and information over the course of more than 20 years do not demonstrate an adequate exercise of due diligence.

Next, the Petitioner argues that the statute of limitations should not apply to him because his constitutional rights have been violated; the Indictment is facially invalid; and enforcing the statute of limitations would result in a gross injustice. These are construed as claims of actual innocence. The "actual innocence gateway" established in <u>McQuiggin v. Perkins</u>, 569 U.S. 383 (2013), allows review of habeas petitions filed outside of the one-year limitations under 28 U.S.C. § 2255(f) for a petitioner who can demonstrate that it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence." <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995); <u>see</u> <u>United States v. Jones</u>, 758 F.3d 579, 586-87 (4th Cir. 2014). As the Supreme Court repeatedly emphasized in <u>McQuiggin</u>, the so-called "<u>Schlup</u> standard" is a demanding one. <u>See</u> <u>McQuiggin</u>, 569 U.S. at 387 ("We caution, however, that tenable actual-innocence gateway pleas are rare...."); <u>id.</u> at 399 ("To invoke the miscarriage of justice exception to AEDPA's statute of limitations, we repeat, a petitioner 'must show that it is

10

Case 1:99-cr-00005-MR    Document 96    Filed 07/14/23    Page 10 of 13

more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" (quoting Schlup, 513 U.S. at 327)); id. at 401 ("We stress once again that the Schlup standard is demanding.").

To establish a claim of actual innocence, a petitioner must support his allegations of constitutional error "with new reliable evidence that was not proffered at trial." Finch v. McKoy, 914 F.3d 292, 298-99 (4th Cir. 2019). A petitioner also must demonstrate that it is more likely than not that "the totality of the evidence would prevent any reasonable juror from finding him guilty beyond a reasonable doubt." Id. at 299 (quoting Teleguz v. Pearson, 689 F.3d 322, 329 (4th Cir. 2012)). A petitioner's "[u]nexplained delay in presenting new evidence" weighs on whether he has made the requisite showing. Id.

The Petitioner presents no new evidence to support his claim of actual innocence. As discussed *supra*, his arguments rest on claims of legal error that could have been raised earlier, and not on factual innocence. See United States v. Pettiford, 612 F.3d 270, 282 (4th Cir. 2010) (a petitioner must show that he "did not commit the crime of which he was convicted" not that he "is legally, but not factually, innocent") (internal quotations and citation omitted); see, e.g., United States v. Mims, 3:07-cr-150, 2015 WL 5793666 (E.D. Va. Oct. 1, 2015) (rejecting an actual

innocence claim based on a theory of multiplicity). The Petitioner's reliance on the actual innocence exception to the statute of limitations is, therefore, rejected.

## IV. CONCLUSION

In sum, the Court concludes that the Petitioner's Motion to Vacate was untimely filed and that he has failed to demonstrate that any exception applies. The Petitioner's Motion to Vacate is, therefore, dismissed with prejudice as time-barred.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

# ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Respondent's Motion to Dismiss [Doc. 13] is **GRANTED**.

2. The Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 9] is **DISMISSED WITH PREJUDICE.**

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: July 14, 2023

Martin Reidinger
Chief United States District Judge